# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DAVID A. DARBY, | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | |
| GREG KIMSEY, Auditor for Clark County, State of Washington, | Case No. 2:10cv53 |
| Defendant. | Magistrate Judge Paul M. Warner |

Pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure, the parties have consented to having Magistrate Judge Paul M. Warner conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] Before the court is Greg Kimsey's ("Defendant") motion to dismiss.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f). As an initial matter, because David A. Darby ("Plaintiff") is proceeding pro se, the court will "construe his pleadings liberally

---

[1] *See* docket no. 9.

[2] *See* docket no. 16.

and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

## BACKGROUND

Plaintiff, a resident of the State of Washington, filed this action against Defendant, the elected County Auditor for Clark County, Washington. The dispute centers around property owned by Plaintiff and located in Clark County, Washington. Plaintiff seeks to remove his property from the property tax rolls of Clark County, Washington. Plaintiff asserts that he owns his property pursuant to a land patent issued by the federal government to some other person. Plaintiff claims that he has "updated and brought forth the Land Patent according to land patent law . . . [and that he is] the sole and last assignee to the piece of property in question."[3] Plaintiff further alleges that Defendant should recognize that he "has had the land patent legally updated into [his] name and that [his property] should be removed from the country records as taxable land."[4]

Plaintiff also contends that there are two constitutions for the State of Washington: the original 1878 constitution, which guarantees "each sovereign his sovereignty and title to his land"; and an illegal 1889 constitution, which "took allodial title and sovereignty from the people."[5] Plaintiff asks this court to declare as null and void the second 1889 Washington State Constitution, even though it was approved by a vote of the citizens of the then-territory of

---

[3] Docket no. 1 at 3.

[4] Docket no. 1 at 3.

[5] Docket no. 1 at 7.

Washington and accepted and ratified by the President of the United States. Paintiff argues that the first 1878 Washington State Constitution is still "in full force today" because it "was the first legal contract with the people of the future state of Washington [and t]o replace it legally, the government ha[d] to essentially cancel the contract with the people and the people have to sign the cancellation."[6] Plaintiff contends that because "the people" never signed "the cancellation, the contract is still in full force."[7] Based on the court's understanding of Plaintiff's complaint, Plaintiff believes that under the 1878 Washington State Constitution, the land patent status of his property never ceases and that whomever holds title to such property, regardless of how they obtained the property, is forever exempt from real property taxes.

## DISCUSSION

In response to Plaintiff's complaint, Defendant filed the instant motion to dismiss under, inter alia, rule 12(b)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(1).[8] A motion to dismiss a claim for lack of subject matter jurisdiction is grounded in Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909

---

[6] Docket no. 1 at 6-7.

[7] Docket no. 1 at 7.

[8] Defendant also moves this court to dismiss on the alternative bases of rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Because the court concludes that it does not possess subject matter jurisdiction over this dispute, it is unnecessary for the court to address these alternative bases.

3

(10th Cir. 1974). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. v. Union Gas Sys. Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Plaintiff alleges that this court has jurisdiction arising out of (1) various provisions of the Constitution of the United States, (2) 28 U.S.C. § 1333, (3) the 1878 Constitution of the State of Washington, (4) Article 1 of the 1783 Treaty of Paris, (5) the "Common Law of the Freeman of the United States," (6) 42 U.S.C. §§ 1982 and 1983, (7) 28 U.S.C. § 1331, (8) 28 U.S.C. § 1343, and (9) 28 U.S.C. § 1361.[9] Plaintiff further contends that he "has to bring this matter to an unbiased court, the 10th District Court."[10] While Plaintiff has set forth these various constitutional and statutory provisions (and treaty) to establish that this court has the requisite subject matter jurisdiction, Plaintiff appears to be asserting subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction. This statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In the instant case, it is readily apparent that this court does not possess subject matter jurisdiction. Plaintiff's basis for federal jurisdiction is that his land was obtained via a federal land patent. The United States Supreme Court has held that a federal land patent does not confer federal jurisdiction over any disputes regarding the subject land. *See Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 676 (1974). The court explained that "[o]nce patent issues, the

---

[9] Docket no. 1 at 2; *see also* docket no. 2.

[10] Docket no. 17 at 2.

4

incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent." *Id.* (quotations and citation omitted); *see also Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000) (observing that the "rule that federal land patents do not confer federal question jurisdiction has been repeatedly reaffirmed by the Supreme Court, the Ninth Circuit, and other lower courts"). The Tenth Circuit has also cited to then-Justice Rehnquist's separately concurring opinion in *Oneida Indian Nation*, which emphasized that "'the grant of a land patent to a private party carries with it no guarantee of continuing federal interest and certainly carries with it no indefinitely redeemable passport into federal court.'" *Corrigan v. Leclair*, No. 06-8046, 2006 WL 3378454, at *2 (10th Cir. Nov. 22, 2006) (quoting *Oneida Indian Nation*, 414 U.S. at 683 (Rehnquist, J., concurring)). Because Plaintiff's only basis for federal jurisdiction is his alleged federal land patent, the court concludes that it does not posses subject matter jurisdiction over Plaintiff's claims.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is dismissed with prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED this 2nd day of December, 2010.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

5